Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5714 | **DATE** | 3/20/2002 |
| **CASE TITLE** | Native American Arts vs. Chrysalis Institute et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 7/17/2002 at 9:45 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motions (Docs 8-1 & 10-1) to dismiss the complaint are denied. Defendant is given 10 days to answer the complaint. All fact discovery to be completed by July 17, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 21 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT   courtroom deputy's initials | 02 MAR 20 PM 2:43 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 2 1 2002

| | |
|---|---|
| NATIVE AMERICAN ARTS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) 01 C 5714 |
| CHRYSALIS INSTITUTE, INC., d/b/a SAGE SPIRIT, LOLA GONZALES and BEN GONZALES, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on Defendant Chrysalis Institute's motion to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons set forth below, the motion is denied.

### BACKGROUND

Plaintiff Native American Arts, Inc. ("NAA") is an arts and crafts organization involved in the distribution of authentic Indian arts and crafts and is wholly owned by members of the Ho-Chunk nation. Defendants Chrysalis Institute ("Chrysalis"), Lola Gonzales, and Ben Gonzales make or sell artwork, crafts, and jewelry. Their products include dream catchers, medicine wheels, medicine bags, ceremony feathers, totem



stones, dream pillows, and ghost beads. Advertisements touting these products make various references to Native Americans and "native hands" as well as explicit references to the Navajo and Jicarilla Apache tribes. The ads and products appeared in catalogs and brochures as well as national gift and trade shows.

In July 2001, NAA filed suit against Chrysalis.[1] The complaint alleged that Chrysalis's products are not actually Indian made and therefore that Chrysalis has violated the Indian Arts and Crafts Act ("IACA"), which prohibits, *inter alia*, the sale of a good in a way that falsely suggests it is an Indian product. The allegations involve conduct occurring as early as April 2, 1996 and continuing until the filing date of the complaint. Chrysalis now moves to dismiss the complaint, asserting that it is untimely.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Triad Assoc., Inc. v. Chicago Housing Auth., 892 F.2d 583, 586 (7th Cir. 1989). Thus, defendants must achieve a high standard to have the court dismiss a plaintiff's case for failure to state a claim upon which relief can be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be

---

[1]NAA amended the complaint in December 2001 to add Defendants Lola and Ben Gonzales, who purchased the assets of Chrysalis in November 1998. The allegations advanced against them are identical to those against Chrysalis.

taken as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 78 S.Ct. 99 (1957). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of a cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed. R. Civ. Proc. 10(c). In addition, "documents that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to their claim." Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). Further, timeliness of a claim can be raised on a motion to dismiss if the plaintiff has pleaded acts showing that the claim is untimely though compliance with the statute of limitations need not be pleaded in the complaint. Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993); Early v. Bankers Life & Cas. Co., 959 F.2d 75, 79 (7th Cir. 1992). With these principles in mind, the court turns to the instant motion.

## DISCUSSION

Chrysalis advances two grounds for its motion to dismiss. First, they claim that NAA's complaint is barred by the applicable statute of limitations. Second, they assert that NAA inordinately delayed in filing this suit and that the doctrine of laches therefore prevents them from pursuing this cause of action. We consider each of these arguments in turn.

### I. Applicable Statute of Limitations for the IACA

To determine whether NAA's claim is timely, we must first identify what statute of limitations applies to actions brought under the IACA. The IACA does not contain an express limitations period. 25 U.S.C. § 305e. For federal laws enacted before December 1, 1990, that do not explicitly proved a statute of limitations, courts generally borrow the limitations period of the most analogous state statute. Del Costello v. Int'l Brotherhood of Teamsters, 103 S.Ct. 2281, 2287 (1983). Congress's awareness of this practice allowed the inference that it approved of such borrowing in the absence of congressional direction. Agency Holding Corp. v. Malley-Duff & Assoc., Inc., 107 S.Ct. 2759 (1987). The inference does not hold true for laws enacted after December 1, 1990. After that date, Congress imposed a four-year statute of limitations on any cause of action without a specific limitations period. 28 U.S.C. § 1658. NAA contends that this catch-all statute applies to the IACA. They acknowledge that the IACA was enacted two days before § 1658, but they contend that the close proximity in the

enactment dates of the two laws shows that Congress intended the four-year period to apply to IACA claims. We decline to read such a qualification into the plain language of the statute, which clearly reads that the four-year period applies to laws enacted after § 1658. Contrary to NAA's assertions, the temporal proximity of the two laws, if anything, supports the inference that Congress did not intend the four-year period to attach to the IACA. We can assume congressional awareness of recently enacted legislation at the time of § 1658's enactment; if Congress had intended an exception for laws enacted after or within a certain period before, they could have included appropriate language indicating that outcome. They did not, and we will not insert it for them. See, e.g., Connecticut Nat'l Bank v. Germain, 112 S.Ct. 1146, 1149 (1992).

The underlying question of the correct limitations period for the IACA remains. As noted above, the general practice is to borrow the limitations period from the most analogous state statute. NAA argues that we should not look to state law because to do so would undermine the purpose or operation of the IACA. See Agency Holding, 107 S.Ct. at 2763; DelCostello, 103 S.Ct. at 2289. In such cases, the applicable limitation period is borrowed from the most analogous federal statute, rather than the most analogous state law. Agency Holding, 107 S.Ct. at 2764. In this case, however, the result would be the same regardless of which path we choose, because the federal statute most analogous to the IACA is the Lanham Act, which prohibits false representations in advertising or otherwise in connection with a product offered for sale.

15 U.S.C. § 1125(a). Lanham Act claims are subject to state statutes of limitation, and we see no reason why that practice would not be suitable for the IACA as well. Hot Wax v. Turtle Wax, Inc., 191 F.3d 813, 821 (7th Cir. 1999).

Our inquiry is correspondingly reduced to determining which state statute is most analogous to the IACA. Chrysalis argues for the Illinois Consumer Fraud Act, which provides a three-year period in which claims can be filed. 815 ILCS 505/1-505/12. The language of the two statutes is similar: the IACA addresses the offer, display, or sale of a good in a manner falsely suggesting that it has Indian origins; the Illinois Consumer Fraud Act makes unlawful methods of competition that include deception, fraud, false pretense, and misrepresentation. Indeed, the activities the IACA addresses are a subcategory of consumer fraud: the claim that a product is Indian-made when in fact it is not. In addition, the two statutes protect the interests of both consumers who have been deceived and purveyors whose legitimate products are injured by the deception of the consumer.

NAA contends that we should look to the Illinois catch-all statute of limitations, which allows a five-year period for several kinds of actions, including those brought to recover damages for injury done to real or personal property. 735 ILCS 5/13-205. They assert that violators of the IACA damage a property interest of Indian tribes and their members in the legitimate sale of goods reflecting their heritage and traditions.

We think Chrysalis has the better of the argument. Although NAA's argument is not without merit, our task is not to find the longest statute of limitations contained within an analogous state statute. Rather, we are to find the most analogous state statute and apply its limitation period. The similarities in the text of the IACA and the Illinois Consumer Fraud Act are unmistakable. In addition, the statute NAA offers, while protecting the integrity of property owners, has no connection to consumers. The absence of this group's interest makes 735 ILCS 5/13-205 less analogous to the IACA than the Illinois Consumer Fraud Act, thus precluding application of its limitations period. We therefore conclude that NAA's claims are subject to a three-year statute of limitations and turn to the issue of whether the clock ran out before NAA filed its complaint.

The period during which a complaint must be filed under 815 ILCS 505/10a begins when the cause of action accrues. For purposes of that statute, accrual occurs when a plaintiff knows or should reasonably know of the existence of the cause of action. Highsmith v. Chrysler Credit Corp., 18 F.3d 434, 441 (7th Cir. 1994). Inquiry notice is sufficient to establish an accrual date. Kedzierski v. Kedzierski, 899 F.2d 681, 683 (7th Cir. 1990). Chrysalis contends that the allegations of the complaint set the crucial date as July 25, 1997. Chrysalis does not specifically state why NAA possessed sufficient knowledge as of this date, and the complaint refers to it only as the date of a gift show in Chicago at which Chrysalis displayed or advertised its products. The

complaint does not indicate that NAA had sufficient information as of the date of that show that the products offered were not authentically Indian made. The absence of such an indication makes the issue of the accrual date one of fact, which is not suited to resolution on a motion to dismiss. Viewing the facts alleged in the complaint in a light most favorable to NAA, the accrual date could well have been within three years before the complaint was filed. The statute of limitations will therefore not support dismissal pursuant to 12(b)(6).

**II. Laches**

Chrysalis further argues that NAA waited five years to file suit and that their complaint is therefore barred by the doctrine of laches. Laches is an equitable defense that prevents parties from sleeping on their rights and subsequently bringing claims after an inordinate amount of delay. Hot Wax, 191 F.3d at 820. Those who invoke the doctrine must prove a lack of diligence by the party bringing the claim and prejudice to the defending party. Id.

Chrysalis's argument suffers from two infirmities. First, it assumes that NAA knew of its injury as of April 1996, which as discussed above cannot be established at this stage of the litigation. Second, Chrysalis cannot show that NAA did not act diligently. Until November 2000, when Congress amended the IACA to allow arts and crafts organizations and individual members of Indian tribes to sue, NAA had no standing to bring the instant suit. In short, they had no rights to sleep on before the

2000 amendment. Chrysalis's arguments that NAA could have brought suit under a state statute or had the Ho-Chunk tribe sue on their behalf are without merit. Within eight months of receiving a federal, not a state, right to sue rather than depending on the willingness of another to serve in a representative capacity, NAA filed the instant complaint. Eight months is not an inordinate amount of time. Accordingly, Chrysalis cannot rely on laches to dismiss this complaint.

## CONCLUSION

For the foregoing reasons, Chrysalis's motion to dismiss the complaint is denied.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated: _____March 20, 2002_____